# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>                 Plaintiff,<br><br>vs.<br><br>THINK FINANCE, LLC, et. al.,<br><br>                 Defendants. | CV 17-127-GF-BMM<br><br>**ORDER** |

The Court conducted a preliminary pretrial conference in this case on April 17, 2018. Plaintiff was represented by Vanessa Buchko, Esq. and Adrienne Warrell, Esq.  Defendants were represented by Thomas Hefferon, Esq. and Leo S. Ward, Esq.

ORDERED:

1.  <u>Scheduling Order</u>:  The following schedule, established with the concurrence of the parties, will be observed:

| | |
|---|---|
| The undersigned will conduct a hearing on Defendants' anticipated Motion to Dismiss on: | <u>Thursday, June 21, 2018, at 10:00 a.m.</u> |
| All amendments of pleadings and joinder of parties on or before: | <u>Friday, June 29, 2018</u> |

-1-

| | |
|---|---|
| All parties shall disclose the names and subject matter of all expected experts (except rebuttal experts) on or before: | <u>Friday, March 1, 2019</u> |
| Fact Discovery shall close on: | <u>Friday, March 15, 2019</u> |
| All parties shall disclose liability experts, and Plaintiffs shall disclose damages and remedies experts on or before: | <u>Friday, April 12, 2019</u> |
| All parties shall disclose rebuttal experts on or before: | <u>Friday, May 17, 2019</u> |
| Expert Discovery shall close on: | <u>Friday, July 12, 2019</u> |

Discovery motions, with supporting briefs, shall be filed no later than 10 days following the moving party's compliance with Fed. R. Civ. P. 26(c) or 37(a)(3).

| | |
|---|---|
| The Court will conduct a telephonic status conference on: | <u>Thursday, July 25, 2019 at 1:30 p.m.</u> |
| Each party's motion for summary judgment shall be filed on or before: | <u>Friday, August 23, 2019.</u> |
| Response briefs shall be filed on or before: | <u>Friday, September 27, 2019</u> |
| Reply briefs shall be filed on or before: | <u>Tuesday, October 15, 2019</u> |

The undersigned will conduct a hearing

| | |
|---|---|
| on the parties' motions for summary judgment on: | <u>Wednesday, October 30, 2019 at 10:00 a.m.</u> |
| A Bench Trial (5 days) shall commence at the Missouri River Courthouse, Great Falls, Montana, on: | <u>Monday, January 6, 2020 at 9:00 a.m.</u> |

The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order. Any party seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.

**IT IS FURTHER ORDERED:**

2. **Local Rules and Electronic Filing.** Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2017, and apply in all cases pending when the changes become effective. In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. <u>See also</u> L.R. 1.4.

3. **Service by E-Mail for Parties Not Filing Electronically**. Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing. See L.R. 1.4(c)(3).

4. **Amending Pleadings or Joining Parties.** Parties are not required to seek leave of the Court to amend pleadings or join parties prior to the deadline established in paragraph 1.

5. **Discovery Issues.** Unresolved discovery issues shall be presented for resolution promptly. Discovery motions (with briefs) shall be filed no later than 10 days after counsel has met and conferred as required by Fed. R. Civ. P. 37.

Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, when the motion to compel is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

6. **Motions**. All motions, except discovery motions, shall be filed to ensure they are fully briefed by the date specified in paragraph 1. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court.

Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be e-filed under the heading "Proposed Order" and e-mailed to bmm_propord@mtd.uscourts.gov.

7. **Protective Orders**.

If the parties can reach an agreement concerning the use of confidential and financial information there is no need to seek a protective order from this Court. The Court will issue a protective order only if the parties can show that a negotiated and signed stipulation is insufficient to protect their interests.

8. **Identification and Authenticity of Written Documents.** The parties stipulate as to identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific objection upon all other parties, in writing, prior to the deadline for the close of discovery. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

9. **Expert Reports.**

      a.      Witnesses Retained or Specially Employed

Expert reports for any witness retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony shall be served on or before the disclosure deadline specified in paragraph 1. Such reports must comply with Fed. R. Civ. P. 26(a)(2)(B). The reports must be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Objections to the timeliness or sufficiency of an expert report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of an expert report are appropriately raised through motions in limine submitted by the date set forth in paragraph 1, and need not be raised within this 14 day window. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

      b.      Other Witnesses who will Present Expert Testimony

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

      (i)    the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705; and

      (ii)    a summary of the facts and opinions to which the witness is expected to testify.

10. **Supplemental Disclosure.** Initial reports or depositions of experts determined to be inaccurate or incomplete shall be corrected or completed by supplemental disclosure no later than 90 days before trial.

11. **Interim Status Conference.** The Court will convene an interim status conference upon application by any party if deemed necessary or appropriate by the requesting party.

12. **Supplemental Schedule.** The Court will set a status conference to determine further pretrial deadlines, if necessary, at the time of its ruling on the parties' motions for summary judgment.

DATED this 17th day of April, 2018.

_____
Brian Morris
United States District Court Judge