FILED
MAY 1 6 2018
Clerk, U.S. District Court
District Of Montana
Great Falls

Susan Shyne (Bar No. 13708)
719 Second Avenue Suite 1150
Seattle, WA 98104
sus@vnf.com
Ph.: (206) 623-9372
Fax: (206) 623-4986
*Attorney for* Amicus Curiae *Native American Financial Services Association and the State of Oklahoma*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>THINK FINANCE, LLC, et al.,<br><br>Defendants. | Case No. 4:17-cv-00127-BMM<br><br>MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF THE NATIVE AMERICAN FINANCIAL SERVICES ASSOCIATION AND THE STATE OF OKLAHOMA |

## I. MOTION

The Native American Financial Services Association (NAFSA) and the State of Oklahoma respectfully move for leave to file a single joint *amicus curiae* brief in support of the Motion to Dismiss filed by Defendants Financial U, LLC, TC Administrative Services, LLC, TC Decision Sciences, LLC, TC Loan Service,

1

LLC, Tailwind Marketing, LLC, Think Finance, Think Finance SPV, LLC (R. Doc. 50).

## II. STATEMENT OF INTEREST

1. NAFSA is a non-profit trade association advocating for tribal sovereignty, responsible financial services, and better economic opportunities in Indian Country. NAFSA opposes discriminatory practices against tribal government-owned businesses operating in compliance with applicable federal and tribal laws.

NAFSA members have comprehensive barriers impeding their economic prosperity, including extreme rural isolation, which eliminates capacity to leverage gaming and other brick-and-mortar consumer based industries as effective tools to stimulate their economies. NAFSA member tribes have found the internet and E-Commerce to be the great equalizers in providing for their people. As arms of their tribal governments, tribes have formed Tribal Lending Entities (TLEs) to provide financial services to members of our society that traditional banking interests are unwilling to serve. Additionally, tribes have promulgated and actively enforced sophisticated financial services laws and regulations for many years, hiring nationally respected attorneys and banking professionals to assure regulatory compliance. The implementation, stability, and consistent application of these laws are normal functions of modern governance.

By creating TLEs, tribal leadership have effectively championed their self-determination and sovereignty to supplement the considerable deficit in federal funding to tribes for basic social services, while additionally working to alleviate generational reservation poverty. Increased tribal self-sufficiency reduces the burden on American taxpayers and the federal government. NAFSA must defend the sovereign rights of tribal governments to determine their own economic futures.

2. The State of Oklahoma is interested in ensuring the proper limits on federal authority, especially when that authority infringes on state and tribal sovereignty. Without statutory authority, the Consumer Financial Protection Bureau (CFPB) has been attempting to expand its jurisdiction to tribal sovereigns in various ways. As part of this effort, the CFPB has explicitly claimed to have jurisdiction to regulate sovereign States as well. The State of Oklahoma offers a number of financial services that could be swept up in the CFPB's regulatory gambit. This includes student loan programs, credit unions, and other endeavors that will be imperiled if the CFPB's overreach is allowed to stand and proliferate. Oklahoma therefore has a very good reason to push back against the CFPB, as its actions threaten the State's institutions and diminish its sovereignty, as well as that of other sovereigns in our federal system, such as Indian tribes and tribal entities.

3. An *amicus curiae* brief is desirable and relevant here, because the determination of the issues before the court will have profound and direct effects on tribal and state sovereignty. These interests cannot be effectively represented by the existing parties, none of whom are a federally-recognized Indian Tribe or a State government. If permitted to file a brief, NAFSA and the State of Oklahoma will argue that Plaintiff CFPB threatens our government's separation of powers—both horizontal and vertical, in part because the CFPB—without statutory authority—is attempting indirectly to regulate federally recognized Indian tribes, while elsewhere claiming the authority to *directly* regulate tribes and sovereign States.

NAFSA and the State of Oklahoma will also argue that by filing vexatious litigation against non-Native entities with whom tribes have made the sovereign determination to contract, the CFPB is circumventing Congress's sole authority to regulate tribal affairs. U.S. Const. art. I, § 8, cl. 3; *see generally United States v. Kagama*, 118 U.S. 375 (1886). If not curtailed, this will undoubtedly chill financial lending activity by TLEs on behalf of tribes and their members, economic development activity that is essential to tribal governments. Two of the tribes mentioned in the complaint, the Otoe-Missouria and Chippewa Cree of Rocky Boy, have no real tax base, no nearby population centers to draw from for gaming revenue, and no resources to harvest. Thus, e-commerce and the ability to create a

favorable and responsibly managed regulatory environment are perhaps their sole avenue to achieve economic independence and self-sufficiency.

4. The undersigned has contacted counsel for the parties for their position on this motion. Defendants Financial U, LLC, TC Administrative Services, LLC, TC Decision Sciences, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, Think Finance, Think Finance SPV, LLC consent to this motion. The CFPB opposes this motion.

DATED May 15, 2018.

        Respectfully submitted,

        */s/ Susan Shyne*
        Susan Shyne (Bar No. 13708)
        719 Second Avenue Suite 1150
        Seattle, WA 98104
        Ph.: (206) 623-9372
        sus@vnf.com

        *Attorney for* Amicus Curiae *Native American Financial Services Association and the State of Oklahoma*

        Joe Sarcinella
        444 North Capitol Street NW
        Suite 605
        Washington, DC 20001
        Ph.: (202) 753-0300
        joe@nativefinance.org

        Mike Hunter
          Attorney General
        Zach West
          Assistant Solicitor General
        Oklahoma Office of the Attorney
          General
        313 N.E. 21st Street
        Oklahoma City, OK 73105
        zach.west@oag.ok.gov
        Ph.: (405)522-4798