# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>*Plaintiff,*<br><br>v.<br><br>THINK FINANCE, LLC, formerly known as Think Finance, Inc., THINK FINANCE SPV, LLC, FINANCIAL U, LLC, TC LOAN SERVICE, LLC, TAILWIND MARKETING, LLC, TC ADMINISTRATIVE SERVICES, LLC, and TC DECISION SCIENCES, LLC,<br><br>*Defendants.* | Case No. 4:17-cv-00127-BMM<br><br>Hon. Brian M. Morris |

## JOINT MOTION TO CONTINUE DISCOVERY STAY AND MODIFY SCHEDULING ORDER (UNOPPOSED)

Plaintiff Consumer Financial Protection Bureau ("Bureau") and Defendants Think Finance, LLC, formerly known as Think Finance, Inc., Think Finance SPV, LLC, Financial U, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, TC Administrative Services, LLC, and TC Decision Sciences, LLC ("Defendants"), through their undersigned counsel, respectfully move the Court (1) to continue the previously-issued discovery stay in this matter for a period of forty-five (45) days, and (2) to modify the scheduling order in light of continuing settlement developments and what Defendants have represented regarding their current financial condition. In support of the motion, the parties assert the following:

1.    For several months, the parties, as well as several other entities,

individuals, and claimants, have been engaged in extensive global settlement discussions in a related bankruptcy matter involving Defendants (*In re: Think Finance, LLC, et al.*, Bankr. N.D. Tex. 17-33964-hdh-11) that, if successful, would resolve the litigation pending before this Court, as well as several other pending cases against Defendants.

2. To allow these negotiations to proceed without diminution of the Bankruptcy estate, the Court granted a Joint Motion to Stay Discovery and Modify Scheduling Order on November 20, 2018. Dkt. No. 93. The Court's Order provided for a 60 day stay of discovery in this matter and a concurrent extension of case deadlines. Dkt. No. 93.

3. The settlement negotiations and resulting settlement structure have proven extremely complex due, in large part, to the involvement of numerous other entities and persons who are not parties to this matter, but who may be releasing claims or getting a release as part of the contemplated global settlement. The Bureau and Defendants anticipate that in the next forty-five (45) days the settlement parties will have either presented a global settlement plan to the Bankruptcy Court for approval or the Bureau and Defendants will be ready to tell this Court that the settlement efforts were unsuccessful and this litigation should continue.

4. In anticipation of continuing the negotiations concerning, among other

things, injunctive relief terms and a chapter 11 plan in the bankruptcy case, the parties request that the Court continue the previously-entered discovery stay in this matter for an additional forty-five days, until March 1, 2019.

5. The Defendants note that the United States District Court for the Eastern District of Pennsylvania has recently entered an Order in a matter involving Defendants that further stayed case deadlines there between Defendants and the Commonwealth of Pennsylvania to allow the global settlement negotiations to proceed. *See Commonwealth of Pennsylvania v. Think Finance, Inc., et al.*, 1:14-cv-07139-JCJ, Dkt. No. 253 (Jan. 15, 2019).

### *Stay of Discovery*

6. The parties believe that a stay of discovery (specifically, by not issuing any additional discovery requests or demands and by not pursuing enforcement of third party subpoenas and discovery already issued to Defendants) for a period of 45 days is appropriate in light of Defendants' purported current financial condition.

7. Such a further temporary stay of discovery may help conserve what Defendants have represented to be limited resources and minimize unnecessary litigation costs and expenses on Defendants and other third parties currently in receipt of the Bureau's subpoenas as the settlement process continues.

8. Should settlement discussions fail before the expiration of the

continued 45-day stay period, the parties reserve the right to move the Court to lift the temporary stay.

## *Modifications to the Scheduling Order*

9. The parties also believe that extending case deadlines and related dates for a period of 45 days is warranted and will permit the parties to focus on potential settlement without jeopardizing litigation planning or compromising overall case management while the parties determine whether a resolution is feasible.

WHEREFORE, the parties respectfully move the Court for the entry of an order staying discovery for a period of 45 days and extending case deadlines as set forth in the proposed order.

Dated: January 28, 2019

By: /s/ Benjamin Vaughn
Patrick Gushue
Vanessa Buchko
Benjamin Vaughn
*Enforcement Attorneys*
**CONSUMER FINANCIAL PROTECTION BUREAU**
1700 G Street, NW
Washington, DC 20552
Telephone (Buchko): 202-435-9593
Telephone (Vaughn): 202-435-7964
Telephone (Gushue): 202-435-9671
Fax: 202-435-7722
E-mail: Vanessa.Buchko@cfpb.gov
E-mail: Benjamin.Vaughn@cfpb.gov
E-mail: Patrick.Gushue@cfpb.gov

Attorneys for Plaintiff:
CONSUMER FINANCIAL
PROTECTION BUREAU

LEO S. WARD
**BROWNING KALECZYC BERRY & HOVEN P.C.**
800 N. Last Chance Gulch, Suite 101
Helena, MT 59601
Tel.: (406) 443-6820
leow@bkbh.com

THOMAS M. HEFFERON (*pro hac vice*)
MATTHEW S. SHELDON (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: 202-346-4000
Fax.: 202-346-4444
*thefferon@goodwinlaw.com*
*srosesmith@goodwinlaw.com*
*msheldon@goodwinlaw.com*

Attorneys for Defendant:
THINK FINANCE, LLC

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was served on January 28, 2019, and will send notification to all parties registered with the Court's CM/ECF system.

/s/ Benjamin Vaughn
Benjamin Vaughn
*Enforcement Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552