UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| *Plaintiff*, | |
| v. | Case No. 4:17-cv-00127-BMM |
| Think Finance, LLC, formerly known as Think Finance, Inc., Think Finance SPV, LLC, Financial U, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, TC Administrative Services, LLC, and TC Decision Sciences, LLC, | Hon. Brian M. Morris |
| *Defendants*. | |

**STIPULATED FINAL CONSENT ORDER**

Plaintiff Consumer Financial Protection Bureau (Bureau) commenced this civil action against Think Finance, LLC on November 15, 2017 to obtain injunctive relief, damages and other monetary relief, and civil money penalties.

The First Amended Complaint (Complaint), filed on March 28, 2018, alleges violations of Sections 1031(a) and § 1036(a)(1) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(B). The Complaint also names as defendants several wholly-owned subsidiaries of Think Finance, LLC, namely, Think Finance SPV, LLC, Financial U, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, TC Administrative Services, LLC, and

TC Decision Sciences, LLC. (collectively, the Think Entities). Dkt. No. 38. The

Think Entities filed their answer on August 31, 2018, and in substance, denied the

Bureau's Complaint and raised various affirmative defenses. Dkt. No. 81. Plaintiff

and the Think Entities consent to the Court entering this Order.

**THEREFORE, it is ORDERED:**

## FINDINGS

     1.     This Court has jurisdiction over the parties and the subject matter of

this action.

     2.     From 2011 through at least 2018, consumers in the Subject States

obtained credit extended in the name of Great Plains Lending, LLC, MobiLoans,

LLC, or Plain Green, LLC.  For those loans where repayments exceeded the

principal amount borrowed, consumers collectively paid at least $325,000,000 over

the principal amounts borrowed.  This figure does not account for loans in the

Subject States where the total payments were less than the principal amount

borrowed.

     3.     Plaintiff and the Think Entities agree to entry of this Order, without

adjudication of any issue of fact or any adjudication of any remaining issues of

law, to settle and resolve all matters in this dispute arising from the conduct alleged

in the Complaint to the date this Order is entered.

4.      The Think Entities neither admit nor deny any allegations in the

Complaint, except as specifically stated in this Order. The Think Entities admit

only the facts necessary to establish the Court's jurisdiction over the Think Entities

and the subject matter of this Order.

5.      The Think Entities waive all rights to seek judicial review or

otherwise challenge or contest the validity of this Order. The Think Entities also

waive any claims the Think Entities may have under the Equal Access to Justice

Act, 28 U.S.C. § 2412, concerning the Bureau's prosecution of the Bureau

Litigation. Each party will bear its own costs and expenses, including without

limitation attorneys' fees, in connection with the Bureau Litigation.

6.      Entry of this Order is in the public interest.

## DEFINITIONS

7.      "Effective Date" means the date on which the Order is entered by the

Court.

8.      "Enforcement Director" means the Assistant Director of the Office of

Enforcement for the Consumer Financial Protection Bureau, or her delegate.

9.      "Plan" means the Chapter 11 plan of the Think Entities.

10.     "Person" means any individual or entity, including any government,

political subdivision, government agency or instrumentality, or Native American

Tribe.

11.     "Related Consumer Action" means a private action by or on behalf of

one or more consumers or an enforcement action by another governmental agency

brought against the Think Entities based on substantially the same allegations as

described in the Complaint.

12.     "Reorganized Debtors" means one or more newly formed entities

wholly owned by TF Holdings, Inc. that are, by operation of the Plan, to receive

the property and rights identified in the Plan.

13.     "Subject States" means Arizona, Arkansas, Colorado, Connecticut,

Illinois, Indiana, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire,

New Jersey, New Mexico, New York, North Carolina, Ohio, and South Dakota.

14.     The "Think Entities" means Think Finance, LLC, Think Finance SPV,

LLC, Financial U, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, TC

Administrative Services, LLC, and TC Decision Sciences, LLC.

**ORDER**
**I.**
**CONDUCT RELIEF**

**IT IS ORDERED that**:

15.     The Think Entities and the Reorganized Debtors (each an "Enjoined

Party") are permanently restrained and enjoined from:

    a.  providing services to a Subject Lender that constitute

       extending credit to, servicing credit extended to, or collecting

on credit extended to, a consumer who has identified his or her residential address at the time of the advancement of funds as being in a Subject State; or

b.  providing services directly to a Subject Lender, or to another Person for use of a Subject Lender, in connection with a Subject Lender's activities in extending credit to, servicing credit extended to, or collecting on credit extended to a consumer who has identified his or her residential address at the time of the advancement of funds as being in a Subject State, where the Enjoined Party knows or is reckless in not knowing that the entity is a Subject Lender.

c.  For purposes of this Paragraph15, a Subject Lender shall mean any entity or individual that makes a loan to a consumer who has identified his or her residential address at the time of the advancement of funds as being in a Subject State where such loan is either at an interest rate in excess of the Subject State's usury limit for that loan or the entity or individual lends without a license from the Subject State for that loan. For purposes of this paragraph 15c., the usury limit and licensing requirements referenced shall be those of the

consumer's state of residence which the consumer has

identified at the time of the advancement of funds.

16.     The conduct prohibitions in Paragraph 15 do not apply:

a.  if the credit in question: (i) is originated or issued by a

federally or state chartered depository institution or other

entity and if the application of state or other law with respect

to the loan is preempted under the Federal laws of the United

States of America; or

b.  to support services of a type provided to businesses generally

or a similar ministerial service.

## MONETARY PROVISIONS
## II.
## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED that:**

17.     Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), pursuant to

the agreement of the parties as part of the Plan and by reason of the violations of

law alleged in the Complaint and alleged to continue to the entry of this Order, and

taking into account the factors in 12 U.S.C. 5565(c)(3), the Think Entities must pay

a civil money penalty of $7 ($1 for each Defendant), jointly and severally, in favor

of the Bureau.  The Think Entities shall pay this penalty in accordance with their obligations in Paragraph 3.2(g)(2) of the Plan.

18.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

19.     The Think Entities must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, the Think Entities may not:

a.     claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b.     seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

20.     To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, the Think Entities may not argue that the Think Entities are entitled to, nor may the Think Entities benefit by, any offset or reduction of any compensatory monetary remedies in the Related Consumer Action because of the civil money penalty paid in this action.

**III.**
**COMPLIANCE PROVISIONS**
**IV.**
**Reporting Requirements**

**IT IS FURTHER ORDERED that:**

21.    After the Effective Date, the Think Entities and the Reorganized

Debtors must notify the Bureau of:

a.    any future development that may affect compliance obligations

arising under this Order, including but not limited to a dissolution,

assignment, sale, merger, or other corporate reformation; or

b.    the filing of any future bankruptcy or insolvency proceeding by

or against the Think Entities and the Reorganized Debtors; or a change in

name or address for the Think Entities and the Reorganized Debtors.

22.    The Think Entities and the Reorganized Debtors must provide the

notice required in Paragraph 21 as soon as practicable after learning about the

development or at least 30 days before the development is finalized, whichever is

sooner.

23.    Within 7 days of the Effective Date, the Think Entities and

Reorganized Debtors must:

a.    designate at least one telephone number and email, physical,

and postal address as a point of contact, which the Bureau may use to

communicate with the Think Entities and the Reorganized Debtors;

b.      identify all businesses for which the Think Entities and the Reorganized Debtors are the majority owner, or that the Think Entities and the Reorganized Debtors  directly or indirectly control, by providing all of the businesses' names, telephone numbers, and physical, postal, email, and Internet addresses; and

c.      describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

24.    The Think Entities and the Reorganized Debtors must report to the Bureau any change in the information required to be submitted under Paragraph 23 as soon as practicable or at least 30 days before the change, whichever is sooner.

## V.

## Notices

**IT IS FURTHER ORDERED that:**

25.    Unless otherwise directed in writing by the Bureau, all notices, submissions, requests, communications, or other documents related to the Order must be in writing with the subject line, "CFPB v. Think Finance, LLC, et al." and directed as follows:

*If to the Bureau:*

By overnight courier (not the U.S. Postal Service), as follows:

Assistant Director for Enforcement
Bureau of Consumer Financial Protection
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552

And contemporaneously by email to Enforcement_Compliance@cfpb.gov.

*If to the Think Entities:*

Chief Executive Officer

Think Finance, LLC

7701 Las Colinas Ridge, Suite 650, Irving, TX 75063

With a copy to the General Counsel at the same address

*If to the Reorganized Debtors:*

Chief Executive Officer

TF Holdings, Inc.

7701 Las Colinas Ridge, Suite 650, Irving, TX 75063

With a copy to the General Counsel at the same address

## VI.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED that:**

26.     Within 7 days of the Effective Date, the Think Entities and the

Reorganized Debtors must submit to the Enforcement Director an

acknowledgement of receipt of this Order, sworn under penalty of perjury.

27.     Within 30 days of the Effective Date, the Think Entities and the

Reorganized Debtors must deliver a copy of this Order to any employees or any

Outside Counsel who will have responsibilities under this Order.

28.     The Think Entities and the Reorganized Debtors must deliver a copy

of this Order to any future executive officers, shareholders, partners, employees,

and any other new agents and representatives who will have responsibilities related

to the subject matter of the Order before they assume their responsibilities.

29.     The Think Entities and the Reorganized Debtors must secure a signed

and dated statement acknowledging receipt of a copy of this Order, ensuring that

any electronic signatures comply with the requirements of the E-Sign Act, 15

U.S.C. § 7001 *et seq*., within 30 days of delivery, from all persons receiving a copy

of this Order under this Section.

## VII.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED that:**

30.     The Think Entities must cooperate fully with the Bureau in this matter

and in any investigation related to or associated with the conduct alleged in the

Complaint. The Think Entities must provide truthful and complete information,

evidence, and testimony. The Think Entities must cause their officers, employees,

representatives, or agents to appear for interviews, discovery, hearings, trials, and

any other proceedings that the Bureau may reasonably request upon 5 days written

notice, or other reasonable notice, at such places and times as the Bureau may

reasonably designate, without the service of compulsory process.

31.    The Think Entities and the Reorganized Debtors must cooperate fully

to help the Bureau determine the identity and location of each consumer borrower,

and the amount each consumer borrowed and repaid on credit that was extended in

the name of Great Plains Lending, LLC, MobiLoans, LLC, or Plain Green, LLC.

The Think Entities and the Reorganized Debtors must provide such information in

its or its agents' possession or control within 14 days of receiving a written request

from the Bureau.

## VIII.

## Compliance Monitoring

**IT IS FURTHER ORDERED that:**

32.    Within 14 days of receipt of a written request from the Bureau, the

Think Entities and the Reorganized Debtors must submit requested non-privileged

information related to the requirements of this Order, which must be made under

penalty of perjury; provide sworn testimony related to the requirements of this

Order and Think Entities and the Reorganized Debtors' compliance with those

requirements; or produce non-privileged documents related to the requirements of

this Order and the Think Entities and the Reorganized Debtors' compliance with those requirements.

33.     The Think Entities and the Reorganized Debtors must permit Bureau representatives to interview about the requirements of this Order and the Think Entities and the Reorganized Debtors' compliance with those requirements any employee or other person affiliated with the Think Entities and the Reorganized Debtors who has agreed to such an interview. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

## IX.

## Recordkeeping

34.     The Think Entities and the Reorganized Debtors must create or, if already created, must retain for at least 5 years from the Effective Date all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

35.     The Think Entities and the Reorganized Debtors must retain the documents described in Paragraph 34 for at least 5 years.

36.     Defendants must make documents identified in Paragraph 34 available to the Bureau upon the Bureau's request.

## X.

## Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

37.     The Court will retain jurisdiction of this matter for purposes of construction, modification (including any request by any Party to modify the conduct prohibitions), and enforcement of this Order.

DATED this 6th day of February 2020.

_____
Brian Morris
United States District Court Judge